# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MARY HELBURN** | : |
| 438 Maple Street | : |
| Idaho Falls, Idaho 83402 | : |
| | : |
| **Plaintiff,** | : |
| | : |
| | : **Civil Action No.** |
| | : |
| **v.** | : |
| | : |
| **THE UNITED STATES SECURITIES AND** | : |
| **EXCHANGE COMMISSION** | : |
| 100 F Street, NE | : |
| Washington, DC 20549 | : |
| | : |
| **Defendant.** | : |
| | : |

## COMPLAINT FOR DECLARATORY JUDGMENT
## AND INJUNCTIVE RELIEF

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. §552, as amended, as well as agency FOIA regulations, challenging the failure of the United States Securities Exchange Commission to fulfill the request of Plaintiff (Helburn) for documents relating to the SEC's investigation of Gradient Analytics, Inc. which was concluded in February 2007. Helburn is entitled to, and has requested the "record" of this investigation including the final opinion, orders, dissenting opinions, materials reviewed, affidavits, transcripts of sworn testimony, investigation files, statements, and all other documents relevant to the SEC's investigation at Gradient.

2. This case seeks declaratory relief that Defendant is in violation of the FOIA for failing to fulfill Plaintiff's request for records, for failing to act on and grant Plaintiff's

request for expedition, and for injunctive relief that Defendant immediately and fully comply with Plaintiff's requests under the FOIA.

## JURISDICTION AND VENUE

3. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. §552(a)(4)(B). This Court also has jurisdiction over this action pursuant to 28 U.S.C. §1331. Venue lies in this district under 5 U.S.C. §552(a)(4)(B).

4. Plaintiff Mary Helburn is a stockholder of Overstock.com which is a leading online closeout retailer. Helburn resides in Idaho Falls, Idaho. Gradient Analytics is a stock research firm which disseminates its reports to stock investors such as hedge funds. Additionally, Gradient allows some of its customers to edit its reports. Thus, a customer may take a position in a stock and use Gradient as a conduit that causes the stock to rise or fall benefitting the hedge fund. Unfortunately, Gradient was used by a hedge fund to drive down the price of Overstock.com to benefit the "short" position of the fund.

5. This downward presence caused Mary Helburn to lose a large percentage of her net worth which adversely affected her ability to satisfy her financial obligations. Overstock, on behalf of itself and its subsidiaries, filed a complaint with the SEC who investigated the allegations. The SEC concluded its investigation, and despite the affidavits and sworn testimony from former Gradient employees supporting Mary Helburn's complaints, the SEC dismissed the complaint.

6. Because of the unconscionable conduct of the SEC in failing to appropriately produce the requested records, the rights of Mary Helburn have been violated. The

2

requested records represent key evidence in her lawsuit against Gradient. The presiding judge in Helburn's case scheduled a "Court Supervised Settlement Conference" for June 5th, 2008. The requested documents would have provided substantial support for the opinions to be rendered by Helburn's liability and damage experts and may have lead to an ultimate resolution of this claim. Unfortunately, the documents were not furnished and the case could not be resolved. However, if quickly supplied, these documents can be utilized in the discovery phrase and, if need be, trial. Any further delay is an abrogation of Helburn's rights. Furthermore the public has a right to know the results of a SEC investigation into a claim as cutting-edge as this one in a timely matter. It has been 17 months since the FOIA request was submitted to the SEC. The delay in complying with the FOIA request is inexcusable and runs contrary to the principal of the Freedom of Information Act.

7. Defendant SEC is an agency within the meaning of 5 U.S.C. §552(f). The United States Securities and Exchange Commission have possession and control of the requested records and are responsible for fulfilling Plaintiff's FOIA request.

## STATUTORY FRAMEWORK

### The Freedom of Information Act

8. The FOIA, 5 U.S.C. §552, requires agencies of the federal government to release requested records to the public unless one or more specific statutory exemption apply.

9. An agency must respond to a party making the FOIA request within 20 working days, notifying that party of at least the agency's determination whether or not to

fulfill the request, and of the requester's right to appeal the agency's determination to the agency head. 5 U.S.C. §552(a)(6)(A)(i).

10. An agency must respond to a FOIA appeal within 20 working days, notifying the appealing party of the agency's determination to either release the withheld records or uphold the denial. 5 U.S.C. §552(a)(6)(A)(ii).

11. In "unusual circumstances," an agency may delay its response to a FOIA request or appeal, but must provide notice and must also provide "the date on which a determination is expected to be dispatched." 5 U.S.C. §552(a)(6)(B).

12. This Court has jurisdiction, upon receipt of a complaint, "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complaint." 5 U.S.C. §552(a)(4)(B).

13. The FOIA provides a mechanism for disciplinary action against agency officials who have acted inappropriately in withholding records. Specifically, when requiring the release of improperly withheld records, if the Court makes a written finding that "the circumstances surrounding the withholding raise questions whether agency personnel acted arbitrarily or capriciously," a disciplinary investigation is triggered. 5 U.S.C. §552(a)(4)(F).

14. The FOIA also requires agencies to promulgate regulations that provide for expedited processing of FOIA requests where the requester has demonstrated a "compelling need" as well as "other cases determined by the agency." 5 U.S.C. §552(a)(6)(E)(i). The statute defines "compelling need" as including requests "made by a person primarily engaged in disseminating information" where there is an "urgency to

inform the public concerning actual or alleged Federal Government activity." Id. at §552(a)(6)(E)(v)(II).

15. Defendant SEC's regulations mirror these requirements by providing for expedition upon a showing of a compelling need. 17 CFR 200-80(d)(s) (I).

16. Agencies are required to make a determination on a request for expedition within 10 days "after the date of the request," 5 U.S.C. §552(a)(6)(E)(ii)(I), and to give "expeditious consideration" to administrative appeals for such determinations. Id.

17. Agency decisions to deny or affirm denial of a request for expedition are subject to judicial review "based on the records before the agency at the time of the determination." 5 U.S.C. §552(a)(6)(E)(iii).

## FACTS GIVING RISE TO PLAINTIFF'S CLAIMS FOR RELIEF

18. On February 15, 2007, Plaintiff sent a FOIA request to Defendant seeking records, regardless of format and including electronic records and information relating to the SEC investigation of Gradient Analytics for allowing their customers to edit the Gradient report to facilitate stock manipulation. Letter from Camille Tankersly to the SEC Freedom of Information and Privacy Act Operations Division, February 15, 2007 (attached as Exhibit A).

19. Mary Helburn also volunteered to pay the fees associated with processing her request.

20. Although requested to respond to the Request within 20 business days of the receipt of the Request, the SEC did not file a response until March 30, 2007. The March 30, 2007 response merely acknowledged receipt of the Request and advised of a backlog in processing. Letter from Ceila Winter, SEC FOIA Officer, March 30, 2007 (attached as

Exhibit B). The mandated response from the SEC was not mailed until April 5, 2007.

Letter from Tina Churchman SEC FOIA/PA Research Specialist, dated April 5, 2007

(attached as Exhibit C). It was not until July 19th, 2007 that the SEC filed a letter

responsive to the FOIA Request in compliance with 5 U.S.C. §552(a)(6)(A). Letter from

Tina Churchman FOIA/Privacy Act Research Specialist, July 19, 2007, (attached as

Exhibit D). This letter is also not timely under 5 U.S.C. §552(a)(6)(B). As a result, the

statutory time for the SEC to respond to Plaintiff's February 15, 2007 FOIA request has

expired and Plaintiff has constructively exhausted its administrative remedies with

respect to its request for the processing of its FOIA request. 5 U.S.C. §552(a)(6)(C);

Oglesby v. U.S. Dep't of Army, 920 F.2d 57,65 (D.C. Cir. 1990). To date the SEC has

not released any documents.

## PLAINTIFF'S CLAIMS FOR RELEIF

## CLAIM ONE

### (Failure to Produce Records)

21. Plaintiff incorporates by reference all preceding paragraphs.

22. Plaintiff properly asked for records within the custody and control of the

SEC.

23. By law, Plaintiff is entitled to access to the records requested under the FOIA,

unless Defendant makes an explicit and justified statutory exemption claim.

24. Therefore, Defendant violated FOIA's mandate to release agency records to

Mary Helburn by failing to release the records as Plaintiff specifically requested. 5

U.S.C. §552(a)(3)(A), 55(a)(4)(B).

6

## CLAIM TWO

### (Failure to Respond)

25. Plaintiff incorporates by reference all preceding paragraphs.

26. On February 15, 2007, Plaintiff properly filed a FOIA request with the SEC.

27. To date, Plaintiff has received a response from the SEC however the SEC failed to comply with the statutory time limits and has failed to release any documents. 5 U.S.C. §552(a)(6)(A), 5 U.S.C. §552(a)(6)(B).

28. Therefore the SEC has violated the FOIA's mandate to respond to Plaintiff's FOIA request with the statutory time period.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

(1) Declare the SEC has violated the Freedom of Information Act by failing to lawfully satisfy Plaintiff's FOIA request of February 19, 2007;

(2) Order SEC to respond to Plaintiff's FOIA request immediately;

(3) Declare that SEC violated the Freedom of Information Act and agency regulations when it failed to act on and grant Plaintiff's request;

(4) Order SEC to expedite immediately its processing of Plaintiff's request;

(5) Award Plaintiff reasonable attorney fees and litigation costs in this action, pursuant to 5 U.S.C. §552(a)(4)(E);

(6) Enjoin the SEC from withholding the requested documents subject to the FOIA request from Mary Helburn and

(7) Grant such other and further relief as the Court may deem just and proper.

Dated: July 18, 2008

Respectfully submitted,

Thomas A. DiBiase, Esquire
DC Bar No. 434132
SHAPIRO, LIFSCHITZ AND SCHRAM, P.C.
1742 N Street, N.W.
Washington, D.C. 20036
(202) 689-1900 (telephone)
(202) 689-1901 (facsimile)

*Attorneys for Plaintiff*

Of Counsel:

CHRISTIAN, SMITH & JEWELL, L.L.P.

James "Wes" Christian
State Bar No. 04228700
Scott Link
State Bar No. 12390900
2302 Fannin, Suite 500
Houston, Texas 77002
Telephone: (713) 659-7617
Telecopier: (713) 659-7641

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that copies of the foregoing Complaint for

Declaratory Judgment and Injunctive Relief were served this  18th  day of July, 2008, by

registered mail, to the following:

> Civil-Process Clerk
> United States Attorney's Office
> 501 3rd Street, NW
> Washington, DC 20530
>
> Office of General Counsel
> SEC Headquarters
> 100 F Street, NE
> Washington, DC 20549
>
> Attorney General
> U.S. Department of Justice
> 950 Pennsylvania Avenue, NW
> Washington, DC 20530-0001

Thomas A. DiBiase

F:\Clients\892\01\Pleading\Complaint- v2.doc

JS-44
(Rev.1/05 DC)

## I.(a) PLAINTIFFS

MARY HELBURN
438 Maple Street
Idaho Falls, Idaho 83402

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF ___88888___
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANTS

THE UNITED STATES SECURITIES AND EXCHANGE COMMISSION
100 F. Street, NE
Washington, DC 20549

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF
LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Thomas A. DiBiase, Esquire
SHAPIRO, LIFSCHITZ AND SCHRAM, P.C.
1742 N Street, N.W.
Washington, D.C. 20036
(202) 689-1900 (telephone)

ATTORNEYS (IF KNOWN)

---

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff

◉ 2 U.S. Government Defendant

○ 3 Federal Question
(U.S. Government Not a Party)

○ 4 Diversity
(Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

---

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ **A. Antitrust**

☐ 410 Antitrust

○ **B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

---

○ **E. General Civil (Other)**          OR          ○ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ **G.** *Habeas Corpus/ 2255* | ○ **H.** *Employment Discrimination* | ⊙ **I.** *FOIA/PRIVACY ACT* | ○ **J.** *Student Loan* |
|---|---|---|---|
| ☐ **530 Habeas Corpus-General** <br> ☐ **510 Motion/Vacate Sentence** | ☐ **442 Civil Rights-Employment** <br> (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation) <br><br> *(If pro se, select this deck)* | ☒ **895 Freedom of Information Act** <br> ☐ **890 Other Statutory Actions** (if Privacy Act) <br><br> *(If pro se, select this deck)* | ☐ **152 Recovery of Defaulted Student Loans (excluding veterans)** |

| ○ **K.** *Labor/ERISA (non-employment)* | ○ **L.** *Other Civil Rights (non-employment)* | ○ **M.** *Contract* | ○ **N.** *Three-Judge Court* |
|---|---|---|---|
| ☐ **710 Fair Labor Standards Act** <br> ☐ **720 Labor/Mgmt. Relations** <br> ☐ **730 Labor/Mgmt. Reporting & Disclosure Act** <br> ☐ **740 Labor Railway Act** <br> ☐ **790 Other Labor Litigation** <br> ☐ **791 Empl. Ret. Inc. Security Act** | ☐ **441 Voting (if not Voting Rights Act)** <br> ☐ **443 Housing/Accommodations** <br> ☐ **444 Welfare** <br> ☐ **440 Other Civil Rights** <br> ☐ **445 American w/Disabilities- Employment** <br> ☐ **446 Americans w/Disabilities- Other** | ☐ **110 Insurance** <br> ☐ **120 Marine** <br> ☐ **130 Miller Act** <br> ☐ **140 Negotiable Instrument** <br> ☐ **150 Recovery of Overpayment & Enforcement of Judgment** <br> ☐ **153 Recovery of Overpayment of Veteran's Benefits** <br> ☐ **160 Stockholder's Suits** <br> ☐ **190 Other Contracts** <br> ☐ **195 Contract Product Liability** <br> ☐ **196 Franchise** | ☐ **441 Civil Rights-Voting (if Voting Rights Act)** |

**V. ORIGIN**

⊙ **1 Original Proceeding**   ○ **2 Removed from State Court**   ○ **3 Remanded from Appellate Court**   ○ **4 Reinstated or Reopened**   ○ **5 Transferred from another district (specify)**   ○ **6 Multi district Litigation**   ○ **7 Appeal to District Judge from Mag. Judge**

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

5 U.S.C. §552, challenging the failure of the SEC to fulfill the request of Plaintiff for documents relating to the SEC's investigation of Gradient Analytics Inc.

**VII. REQUESTED IN COMPLAINT**    CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    **DEMAND $** ☐- - - - - - -    Check YES only if demanded in complaint    **JURY DEMAND:** YES ☐   NO ☒

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☐    NO ☒    If yes, please complete related case form.

DATE **July 18, 2008**    SIGNATURE OF ATTORNEY OF RECORD    *[signature]*

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

# CHRISTIAN
# SMITH & JEWELL

A REGISTERED LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AND COUNSELORS AT LAW

**CAMILLE TANKERSLEY**
cmt@csj-law.com

February 15, 2007

US Securities and Exchange Commission          *Via Certified and Regular Mail*
FOIA Office
6432 General Green Way
Alexandria, Va. 22312-2413

      RE:    FOIA REQUEST ON DOCUMENTS RELATED TO:
              Matter of Gradient Analytics, Inc. (SF-3024).

To whom it may concern,

On February 12, 2007 the SEC sent notice to DLA Piper Rudnick Gray Cary regarding Case File; Matter of Gradient Analytics, Inc. (SF-3024) This notice, authored by Marc J Fagel, Associate District Administrator, identified that the referenced SEC investigation had been terminated and has been distributed to members of the financial press by Gradient Analytics

With the termination of this investigation, all materials obtained by the Commission during this investigation are subject to public access under the Freedom of Information Act under Title 5 of the United States Code, section 552.

**This FOIA request is seeking to delivery of all SEC work product created during this investigation including, but not restricted to, all notes (written, audio, video) taken by any individual representing the Securities and Exchange Commission during witness testimony and SEC internal meetings. The request also seeks delivery of all documents obtained and/or copied by the SEC as part of their investigation, exempting only those that meet the guidelines for exemption under Title 5.**

Precedent has been set forth by the SEC that such investigative work product is not privileged under the rules of exemption provided to the SEC. Reference SEC Work Product provided to Bill Frizzell in the SEC Investigation SEC v. CMKX under Admin File No. 3-11858 and Work Product provided to Rodney Young and Wes Christian in the SEC investigation SEC v. Eagletech Communications File No. 3-11832.

In addition to the aforementioned references, In October 2005 U.S. District Court for the District of Minnesota ordered the SEC to reprocess requests for information on 10 companies no longer under SEC investigation. The case was *Gavin v United States Securities and Exchange Commission*; in the U.S. District Court of Minnesota Cause No. 04-04522; in which the SEC was compelled to turn over such material once requested under FOIA.

A denial for information to this request using the *Glomar Response* can not be argued by the Commission due to the accused, Gradient Analytics making this investigation public, including the

termination of such investigation. Ref. NY Post Article, February 14, 2007 *SEC Kills Probe of Gradient*; Dow Jones Newswire Articles *SEC Finds Nothing After 1-Yr Probe Into Gradient* and *Gradient Analytics · SEC Concludes Probe, No Action Brought* also dated February 14, 2007.

The Press Office of Gradient has released a full copy of the SEC termination memo to the press making this investigation open for public insight.

I am willing to pay up to $2,500.00 for the full submission of materials requested. Please contact me for authorization if the cost exceeds this amount. If you have any questions, please feel free to contact me. Thank you for your time and attention to this matter.

Sincerely,

Camille Tankersley

Z:\CSJ-LAW\OPENFILES\2300\2300 055\CORRESPONDENCE\SEC- FOIA REQUESI LTR1 wpd





**UNITED STATES**
## SECURITIES AND EXCHANGE COMMISSION
STATION PLACE
100 F STREET, NE
WASHINGTON, DC 20549-5100

March 30, 2007

Camille Tankersley
Christian Smith & Jewell
2302 Fannin
Sutie 500
Houston, TX  77002

Dear Ms. Tankersley,

The purpose of this letter is to acknowledge receipt of
your FOIA request.  Your request, regarding Gradient
Analytics, Inc., has been assigned FOIA number 07-03782.

This letter further advises you that the SEC FOIA staff has
been focused on resolving a back-log of older requests.
This project has resulted in a delay in the initial
processing of requests received in 2007.  Therefore, you
may not have received a letter acknowledging your request
and advising you of the status of your request.

The FOIA Staff has now resumed normal processing of new
requests. All requests will receive an initial response.

We appreciate your patience in this matter.

                    Sincerely,

                    Celia Winter
                    FOIA/PA Officer





UNITED STATES
**SECURITIES AND EXCHANGE COMMISSION**
STATION PLACE
100 F STREET, NE
WASHINGTON, DC 20549

**OFFICE OF FILINGS AND
INFORMATION SERVICES**

Mail Stop 5100                           April 05, 2007

Ms. Camille Tankersley
Christian Smith & Jewell
2302 Fannin Suite 500
Houston, TX 77002

     Re:  Freedom of Information Act (FOIA), 5 U.S.C. § 552
          Request No. 07-03782-FOIA

Dear Ms. Tankersley:

    This letter partially responds to your request, dated
February 15, 2007, and received in this office on February 16,
2007, for information concerning *Case No.: SF-3024; In the
Matter of Gradient Analytics, Inc.* (Case).

    Please be advised, we are consulting with other Commission
staff regarding information that may be responsive to your
request. We will advise you of our findings, as well as the
actual cost to review the records, as soon as we receive a
response.

    In the interim, if you have any questions, please call me
at (202) 551-8330.

              Sincerely,

              Tina Churchman
              FOIA/Privacy Act Research Specialist



**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
STATION PLACE
100 F STREET, NE
WASHINGTON, DC 20549

Office of Freedom of Information
& Privacy Act Operations

Mail Stop 5100                                    July 19, 2007

Camille Tankersley
Christian Smith & Jewell
2302 Fannin Suite 500
Houston TX 77002

RE:  Freedom of Information Act (FOIA), 5 U.S.C. § 552
     **Request No. 07-03782-FOIA**

     This letter further responds to your request for information
relating to *Case No.: SF-3024; In the Matter of Gradient
Analytics, Inc.*

     We have identified information concerning *Gradient
Analytics, Inc. (SF-3024)* that may be responsive to your
request.  Since the records are voluminous (5 boxes), if
requested, we would process them on our first-in, first-out
[FIFO] track.  This procedure is consistent with the principles
set forth in Open America v. Watergate Special Prosecution
Force, 547 F.2d 605 (D.C. Cir. 1976).  At present we anticipate
that it may take twelve months or more before we can process
your request.

     We estimate search and review fees to be no less than
**$1,848.00** under the enclosed fee schedule.  This estimate
excludes the cost of copying any releasable records.  If you are
interested in having us place your request in our First-in
First-out Track, please submit your written confirmation by
email at churchmant@sec.gov, or by fax to (202) 772-9337 by
**July 30, 2007.**  If we do not hear from you, we will assume that
you are no longer interested in receiving any information, and
withdraw your request from our pending caseload.

Ms. Camille Tankersley
July 19, 2007
Page Two

Since investigatory records usually consist of transcripts of testimony, exhibits, main and skeleton files (incoming and outgoing correspondence, subpoenas, formal orders of investigation, opening/closing reports, etc.), and miscellaneous records, you may want to limit your request to specific records. Note, you will be charged fees even if the data located is subsequently determined to be exempt under the FOIA. This estimate excludes the cost of copying any releasable records.

If you have any questions, please call me at (202) 551-8330.

Sincerely,

Tina Churchman
FOIA/Privacy Act Research Specialist

Enclosure

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
Washington, D.C. 20549

SCHEDULE OF FEES FOR RECORDS SERVICES
(See 17 CFR 200.80e)

**How to Order Documents:**

Members of the public can arrange to receive copies of materials maintained in the Public Reference Branch by describing specific documents and authorizing charges in writing. Written requests must include name(s), date(s), and subject matter and a statement of willingness to pay copying and shipping charges. Address inquiries to: *Public Reference Branch, Securities and Exchange Commission, Washington, DC 20549.* All written requests for copying of documents granted under the Freedom of Information Act ("FOIA"), should be directed to: *FOIA Office, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Alexandria, VA 22312.* The following rates have been established between a commercial contract copier and the Commission and apply to requests made through the Public Reference Branch.

| Rates of Service: | Paper to Paper Fiche to Paper (per page) | Duplicate Microfiche (per fiche) |
|---|---|---|
| Regular Service ............................................................ | $0.24 | $2.50 |

    Regular Service orders will be shipped within seven calendar days after the contractor receives the order, the material to be copied, and the customer's payment in advance.

| | | |
|---|---|---|
| Priority Service ............................................................ | $0.36 | $5.00 |

    Priority Service orders will be shipped by the close of business of the normal work day following receipt of the order by the contractor, the material to be copied, and the customer's payment in advance. <u>Priority Service does not include FOIA requests.</u>

Please note that all paper facsimile copies of documents are reproduced on 8 ½" x 11" pages, regardless of the size of the original. Material which cannot be copied onto one 8 ½" x 11" page without reducing character images to less than 6-point type size will be copied on two pages which the purchaser may match and join. Duplicate microfiche is only available if the official copy is in microfiche format.

**Payment Procedures for Contractor Copying and Delivery:**

Copying requests to the Public Reference Branch must be in writing and must contain a statement of willingness to pay for services at the regular or priority rate plus postage or other applicable delivery costs. The contractor will provide an estimate of charges. Payment of these charges must be made in advance by acceptable credit card or check to the contractor, not to the Commission, before copying can be done. Copying of materials released pursuant to FOIA must be arranged through the FOIA Office.

**Charges for Commission Services:**

Copies of Commission documents which require locating, reviewing, and making available for inspection or copying can be provided in accordance with the following:

First half hour .............................................................................................. No fee

    Fees for each additional one-half hour or fraction thereof are charged according to grade level of the employee performing the above services and are subject to any applicable FOIA fee regulations:

SEC 1237 (10-98)